## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | ) |
| Christopher Hacker asf Source Lending Corporation | ) ) ) ) Chapter 7 |
| Debtor. | ) ) Case No. BKY 09-45742-NCD |
| William and Judy Hilleshiem | ) ) ) ) ) ) ) |
| Plaintiff and Creditor, | ) ) |
| v. | ) ) Adversary Complaint |
| Christopher Hacker asf Source Lending | ) No. _____ ) |
| Defendant | ) ) ) |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**

Plaintiffs William and Judy Hilleshiem ("Hilleshiems"), bring this Adversary Complaint to ask this Court not to discharge certain debts made by Christopher Hacker asf Source Lending Corporation ("Source Lending") to the Hilleshiems prior to the filing of the underlying petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. The debt owed to the Plaintiffs is nondischargable under 11 U.S.C. § 523(a)(2)(A) because Source Lending made knowing material false representations with the intent to deceive the Plaintiff and the Plaintiff sustained injury by relying on these representations. These false representations

1

resulted in a judgment of $147,100.78, plus $14,600.00 as reasonable attorney fees and costs for violations of Minnesota's anti-predatory lending statute.

## JURISDICTION AND VENUE

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 523(a) of the Bankruptcy Code, to recover debt owed by Source Lending to the Hilleshiems that is not dischargeable.

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This action arises under 11 U.S.C. § 523(a)(2).

## PARTIES

3. The Plaintiffs are individuals residing in the State of Minnesota. William and Judy Hilleshiem are a married couple who reside at 33496 180th Avenue, Red Wing, Minnesota 55066.

4. Defendant, Christopher Hacker asf Source Lending was residing, until November 9, 2009, at 6915 Dylan Lane, Independence, Minnesota 55359. It is unknown where the Defendant is currently residing.

## BACKGROUND

5. The Plaintiffs and Creditors, William and Judy Hilleshiem, filed a lawsuit in Minnesota District Court, Fourth Judicial District, Court File No. 27-CV-08-7612, against Source Lending, their mortgage broker, seeking damages arising from Source Lending's deceptive and illegal business practices. Attached to Bowman Affidavit ¶ 2, Ex. A is a copy of the *Hilleshiem v. Source Lending Corp. et al* First Amended Complaint.

6. It was found in an Order Granting Summary Judgment and the Award of Reasonable Attorney Fees and Costs on January 7, 2009, that Source Lending directly violated Minnesota's Anti-Predatory Lending Statutes, Minn. Stat. §§ 58.13, subd. 1(24)-(25), and the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1. *See* Bowman Aff. ¶ 3, Ex. B. Source Lending made false statements to the Hilleshiems. *Id.* at 8. Source Lending engaged in "churning" and did not verify the Plaintiff's income or inability to pay. *Id.*

7. A judgment was ordered against Defendant Debtor, Source Lending, in the amount of $147,100.78, plus $14,600.00 as reasonable attorney fees and costs. *See* Bowman Aff. ¶ 3, Ex. B.

8. Defendant Debtor, Christopher Hacker asf Source Lending has filed for Chapter 7 Bankruptcy to discharge all debts including those owed to the Plaintiffs, William and Judy Hilleshiem.

9. With this Adversary Complaint, the Plaintiffs Hilleshiem respectfully request this Court does not discharge the remaining debt owed to the Plaintiffs.

## PAYMENTS BY THE DEBTOR

10. The Defendant Debtor has made no payments to the Hilleshiems as of the filing of this complaint.

11. The Hilleshiems did, however, recover a total of $50,000, collected from The Hartford Fire Insurance Company, toward the aforementioned judgment. The Hartford Insurance Company insured Source Lending up to $50,000 for Source Lending's violations of Minnesota's consumer protection statutes. Attached to Bowman Aff. ¶¶ 4-5, Exs. C and D are copies of letters sent to Jane Bowman, attorney for Plaintiffs. These letters, from the Hartford Fire Insurance Company, confirm payment totaling $50,000 to the Hilleshiems.

## **CLAIMS FOR RELIEF**

### **COUNT I: RECOVERY OF DEBT**

12.     Plaintiff Hilleshiems restate and incorporate herein by reference the allegations contained in paragraphs above.

13.     A discharge of a debt under Chapter 7 does not discharge an individual debtor from any debt of money, property, or services to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition. 11 U.S.C. § 523(a)(2)(A) (2007).

14.     Section 523(a)(2) of the Bankruptcy Code, unlike the general purpose of the Code to give debtors a fresh start, is not to protect debtors but is rather designed to protect the victim of fraud. *See In re Quinlivan*, 434 F.3d 314 (5th Cir. 2005).

15.     More specifically, a debt is nondischargeable under Section 523(a)(2)(A), if the debtor (1) made a false representation that is material, (2) knew the statements, when made, were false or made with reckless disregard for the truth to constitute willful misrepresentation, (3) the representations were made with the intent and purpose of deceiving the creditor, (4) the creditor relied on the representations, and (5) the creditor sustained an injury, that is money, property or services, as the result or proximate result of the representations made. *See Palmacci v. Ummpierrez*, 121 F.3d 781 (1st Cir. 1997).

16.     As found in the Court's Order and Finding of Facts, the Defendant Debtor, Source Lending, made a false representation to the Plaintiff. *See* Bowman Aff. ¶ 3, Ex. B, at page 8. A representative of Source Lending contacted Plaintiffs to discuss the refinancing of the existing mortgage on the Plaintiffs' residential property. *Id.* The representative told Plaintiffs that if they refinanced twice with Source Lending, their monthly payments would only be $500.00, and that

4

if they made four monthly mortgage payments of $1,320.00, their credit score would increase, allowing them to complete the refinancing. *Id.* These were false statements and proved false by the Order entered against Source Lending on January 7, 2009. *Id.*

17. The Defendant Debtor, Source Lending, knew these statements were false at the time they were made to the Plaintiffs which constituted willful misrepresentation with intent to deceive. *See* Bowman Aff., Ex. B page 8. Source Lending did not verify the Hilleshiems' income or ability to pay. *Id.*

18. The Hilleshiems entered into the agreements with Defendant Debtor based on these statements and suffered injury in the amount of $147,100.78, plus $14,600.00 as reasonable attorney fees and costs. *Id.*

19. The Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, like 11 U.S.C. § 523(a)(2)(A), mirrors the requirements for proof of common law fraud, and therefore constitutes the prohibited acts required for a debt to be nondischargeable under 11 U.S.C. § 523(a)(2)(A). *See In re Kanak*, 85 B.R. 483 (Bankr. N.D. Ill. 1988).

20. In the Order and Findings of Fact in *Hilleshiem v. Source Lending Corporation* the Debtor was found to have violated Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1. *See* Bowman Aff. ¶ 3, Ex. B.

21. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, Christopher Hacker asf Source Lending's debt in the amount of $147,100.78, plus $14,600.00 as reasonable attorney fees and costs (minus $50,000 already collected), is nondischargeable. In other words, Defendant Hacker's debt to the Hilleshiems should remain at $111,700.78.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment as follows:

(a)    Declare the Debtor's debt to the Hilleshiems nondischargable

(b)    Declare Debtor's debt to the Hilleshiems to be $111,700.78 (the original judgment $147,100.78, plus $14,600.00 as reasonable attorney fees and costs minus $50,000 already collected (total debt remaining $111,700.78); and

(c) Grant such other and further relief to the Plaintiff as may be just and proper.


Dated: November 30, 2009

    /s/
Mark R. Ireland
Attorney, Reg. No. 303690

Jane N. Bowman
Attorney, Reg. No. 388598

Foreclosure Relief Law Project
HPP, Inc.
570 Asbury Street, Suite105
St. Paul, Minnesota 55104
651.642.0102 x 117

Fax 651.642.0051